# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO: 4:18-CV-00148-JHM**

**BREWCO, INCORPORATED**                                                 **PLAINTIFF**

**V.**

**HARDWOOD LUMBER, INC.**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DN 8]. Fully briefed, this matter is ripe for decision. For the following reasons, the case should be **STAYED** until further notice.

## I. BACKGROUND

Plaintiff Brewco, Incorporated ("Brewco") manufactures and sells industrial saws. On May 2, 2017, Brewco reached an agreement with Defendant Hardwood Lumber, Inc. ("Hardwood") to sell a sawmill system capable of milling scragg logs to produce cut stock lumber. Hardwood now claims the sawmill system does not function with the efficiency or capacity that Brewco warranted. For this reason, on July 27, 2018, Hardwood filed a lawsuit in Barry County Circuit Court in Missouri alleging breach of warranties, negligent misrepresentation, and intentional misrepresentation. After Hardwood filed suit in Missouri state court but before Brewco was served with notice of that lawsuit, Brewco filed its own lawsuit in Muhlenberg Circuit Court in Kentucky on August 16, 2018, claiming breach of contract and unjust enrichment against Hardwood. Subsequently, both state claims were removed to federal court.

Now, each federal district court has a motion to dismiss pending before it. Brewco asks the Western District of Missouri to dismiss Hardwood's lawsuit for failure to state a claim under Rule 12(b)(6) or, in the alternative, to transfer venue to Kentucky. Hardwood filed the present

Motion to Dismiss arguing that the Court should dismiss Brewco's case for lack of personal jurisdiction under Rule 12(b)(2) or, in the alternative, transfer venue of the lawsuit to Missouri. Although not argued by either party, the Court holds that it should stay this lawsuit pursuant to the first-to-file rule.

## II. STANDARD OF REVIEW

"The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmissions*, LLC, 814 F.3d 785, 789 (6th Cir. 2016). It provides that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id.* (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)) (internal punctuation omitted). Courts in this circuit look to three elements to determine whether the first-to-file rule applies: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. "If these three factors support application of the rule, the court must also determine whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." *Id.* (quoting *Certified Restoration*, 511 F.3d at 551−52).

## III. DISCUSSION

In this case, Hardwood filed its lawsuit in Missouri state court before Brewco filed in Kentucky. The parties are the same in both lawsuits. Furthermore, although the claims are not identical—Brewco claiming breach of contract and unjust enrichment while Hardwood sues for

breach of warranty and misrepresentation—all the claims arise out of the sale of the sawmill.[1] Lastly, there is no evidence of inequitable conduct, bad faith, anticipatory suits, or forum shopping. For these reasons, the Western District of Missouri should be the court to proceed to judgment.

"If the first-filed action is vulnerable to dismissal on jurisdiction or statute of limitations grounds, the court in the second-filed action should stay it or transfer it, rather than outright dismiss it." 17 Moore's Fed. Practice – Civil § 111.13. There is a Motion to Dismiss before the Western District of Missouri wherein Brewco moves "to enforce the forum selection clause included in its warranty and either dismiss [the] action or transfer it to the Kentucky court." (*Hardwood v. Brewco*, No. 3:18-CV-05088-DPR, DN 9 at 3). For that reason, rather than dismiss the action outright, the Court will stay this action pending the Western District of Missouri's decision on the above-mentioned Motion to Dismiss.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that this case should be **STAYED** until further notice.

Joseph H. McKinley Jr., District Judge
United States District Court

March 28, 2019

cc: counsel of record

---

[1] Because all the claims arise from the same transaction or occurrence, all claims should eventually be combined as the defendant in the appropriate jurisdiction will be required to bring its claims as compulsory counterclaims in accordance with Fed. R. Civ P. 13(a).